## JAYNE v. MOORE.

1. **Evidence:** FAILURE TO SHOW CAUSE OF ACTION. Evidence considered and held insufficient to establish the plaintiff's right to maintain an action against the defendant.

*Appeal from Boone District Court.*

SATURDAY, DECEMBER 18.

THE petition of the plaintiff alleges, in substance, that one James Hill, being the owner of an undivided one-fourth of certain letters patent, on the 26th day of July, 1876, conveyed, by absolute deed, said interest to the defendant to secure the sum of $150; that defendant has received from the sale and manufacture of patented articles an amount more than sufficient to pay all the indebtedness of Hill to him, and now holds said patents without any right or interest therein; that

on the 6th day of February, 1879, said James Hill conveyed to the plaintiff the one-fourth part of said patents, and plaintiff has demanded of defendant a settlement and conveyance of said patents, which defendant refused. The plaintiff asks that the defendant be ordered to account, and to convey to plaintiff the undivided one-fourth of said patents.

The answer denies all the allegations of the petition except as to James H. Hill's ownership of an interest in the patents and his conveyance thereof to the defendant. The answer alleges that on the 26th day of July, 1876, James H. Hill executed to the defendant his deed for said patents, and at the same time the defendant executed a contract of defeasance; that afterwards, on the 28th day of June, 1877, James H. Hill made to the defendant his contract in writing of release, quit-claim and surrender of all claims or rights under said contract of defeasance.

The reply alleges that the release of June 28, 1877, was procured by fraud. The court found that the deed of July 26, 1876, was a mortgage given to secure the sum of $150; that the release did not bar the equity of redemption, but that the deed still continued a mortgage, and that plaintiff is entitled to redeem upon payment of $150, with ten per cent interest from July 26, 1876. It was further ordered that the cause be continued for an accounting between plaintiff and defendant as to any moneys in his hands arising out of said letters patent. The defendant appeals.

*E. L. Green*, for the appellant.

*Holmes & Reynolds* and *W. H. Jayne*, for appellee.

DAY, J.—The plaintiff bases her right to an interest in the patents in question solely upon a deed of conveyance executed by James H. Hill upon the 6th day of February, 1879. The evidence shows that on the 26th day of July, 1876, James H. Hill conveyed, by absolute deed, his interest in the patents in question to the defendant. At the same time the defend-

Jayne v. Moore.

ant executed to the plaintiff a contract of defeasance, in which he agreed to convey to plaintiff said interest in the patents upon the payment on the first day of November, 1876, of the sum of $150, with interest from the 26th of July, 1876, at the rate of ten per cent.

On the 18th day of November, 1876, James H. Hill executed a written assignment of his entire interest in this contract, and in the letters patent therein described, to Thomas Hill. On the 28th of June, 1877, James H. Hill and Thomas Hill executed to the defendant the release which the reply alleges was fraudulently procured. The evidence does not show that Thomas Hill has ever reconveyed his interest to James H. Hill, or that he has conveyed to the plaintiff. It appears, therefore, that before James H. Hill conveyed to the plaintiff he had parted with all his interest under the contract of defeasance, and that, at the time he executed the conveyance to the plaintiff, under which the plaintiff claims, he had no interest in the patents in question. The plaintiff acquired no interest under the conveyance, and hence cannot be heard to question the defendant's rights. This point is distinctly made and urged by the appellant, and the appellee has not seen fit to make any response thereto. Because the plaintiff has not established any interest in herself the decree must be reversed and the plaintiff left to proceed as she may be advised.

REVERSED.